UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

---------------------------------------------------------x
David Pope,

    Plaintiff,

v.

Dream Yacht Americas, Inc.,

    Defendant,

Truist Bank Inc. successor to
Branch Banking and Trust ("BB&T")

    Garnishee.
---------------------------------------------------------x

**Civil Action – In Admiralty**

**CASE NO: 21-cv-3907-MHC**

## MOTION AND MEMORANDUM FOR ORDER FOR ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

Plaintiff David Pope ("Mr. Pope") hereby moves, pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, for the issue of Process of Maritime Attachment and Garnishment ("Writ") for property of Defendant Dream Yacht Americas, Inc. ("Dream Yacht") held or controlled by garnishee or it agents located in this District, and providing further that the Clerk may issue additional writs on application of Plaintiff. In further support of this motion, Plaintiff states as follows.

Supplemental Rule B(a) provides as follows:

> If a defendant is not found within the district, when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property - up to the amount sued for - in the hands of garnishees named in the process.

Plaintiff has filed a Verified Complaint seeking process to attach and garnish, pursuant to Supplemental Rule B, the property of Defendant Dream Yacht that is found in this District. This Court should now, on Plaintiff's Verified Complaint, and as Supplemental Rules B provides, grant Plaintiff's motion directing the Clerk to issue the Supplemental Rule B Writ.

### **Facts**

This is an action for breach of maritime contract, namely, a charter party for a boat.

As detailed in the Verified Complaint, Mr. Pope chartered the Boat for a ten (10) day vacation, from June 19 to June 29, 2021, in the US Virgin Islands. Under the charter, confirmed by its Booking Confirmation, Dream Yacht promised that it would deliver the Boat "in good working order."

Upon taking possession of the Boat, Mr. Pope became aware of numerous issues with the Boat, including but not limited to broken air conditioning of which Dream Yacht was aware well before delivery of the Boat. As the vacation progressed, each day brought more issues with the Boat, including broken

equipment, lack of propane for cooking, and the ability to make fresh water.

Despite repeated, daily calls to Dream Yacht to repair the broken equipment and address the multiple issues identified, Dream Yacht failed to respond. As a result, the vacation was ruined.

Mr. Pope suffered damages, including but not limited to, the cost of the charter, lost opportunities for the planned vacation including additional charges for the contracted diving excursion and restaurant meals, airfare and lodging in the amount of at least $41,200.

Mr. Pope moves here for this Court to issue a maritime garnishment writ pursuant to Supplemental Federal Admiralty and Maritime Rule B for defendant's bank, BB&T, as Garnishee.

Although the Northern District of Georgia is an inland District (Rule B writs issued frequently in the Southern District, with the Port of Savannah), examples of maritime garnishment/ Rule B orders and writs issued by this Court are:

> *Cargo-Levant Schiffahrtsgesellschaft MBH v. PSL Limited et al*, 1:13-cv-02296-AT, https://ecf.gand.uscourts.gov/cgi-bin/DktRpt.pl?166750694935062-L_1_0-1, Order Issuing Process of Maritime Attachment and Garnishment, ECF 30, https://ecf.gand.uscourts.gov/doc1/05517096906
>
> *The interested Under, et al v. M/T San Sebastian, et al,* 1:03-cv-01778-WSD, https://ecf.gand.uscourts.gov/cgi-bin/DktRpt.pl?180440996238161-L_1_0-1 , Order Issuing Process of Maritime Attachment and Garnishment, ECF 3, https://ecf.gand.uscourts.gov/doc1/0551455234

*Atlantic Dry Dock v. Florida Casino, et al*, 1:00-cv-02128-CC, https://ecf.gand.uscourts.gov/cgi-bin/DktRpt.pl?180857130055112-L_1_0-1

| | | | |
|---|---|---|---|
| 08/25/2000 | 4 | | ORDER by Judge Julie E. Carnes for Judge Clarence Cooper GRANTING [2-1] motion for process of attachment and garnishment and the U.S. Marshall is directed to service the summons and process of attachment and garnishment upon the garnishees named in the process of attachment and garnishment. (cc) (bek) Modified on 08/29/2000 (Entered: 08/29/2000) |

### **The Writ Seeks Property Held by the Named Garnishee in this District**

Supplemental Rule B provides that if a defendant is not found within the district when a verified complaint praying for attachment is made out, the complaint "may contain a prayer for process to attach the defendant's tangible or intangible property-up to the amount sued for-in the hands of garnishees named in the process." This rule "preserves the traditional maritime remedy of attachment and garnishment...." Supp. R. B, advisory notes. Jurisdiction lies in rem over freights in the district where the freights are located. See Thomas Schoenbaum, Admiralty and Maritime Law § 19-2 at 1058, 1069 (West 4th ed.2004).

*Interested Underwriters at Lloyd's v. M/T SAN SEBASTIAN, N*o. CIV.A. 1:03-CV-1778W, 2007 WL 2907862, at *7 (N.D. Ga. June 26, 2007)(Duffy, J.); *accord, Cargo-Levant Schiffahrtsgesellschaft MBH v. PSL Ltd*., No. 1:13-CV-2296-AT, 2013 WL 12068987, at *3 (N.D. Ga. Dec. 9, 2013):

> Plaintiff's position is supported by established admiralty procedure and the policy behind Rule B attachment. See *Schiffahartsgesellschaft Leonhardt & Co. v. A. Bottacchi S.A. De Navegacion*, 773 F.2d 1528, 1535 (11th Cir. 1985) ("Maritime attachment is designed to assure a defendant's appearance and to secure satisfaction if the suit is

4

successful."). The Court is persuaded that a writ of attachment is appropriate here.

The Court in *Consub Del. L.L.C. v. Schahin Eugenharia Limitada*, 676 F. Supp. 2d 162, 167 (S.D.N.Y. 2009) (footnotes omitted, emphasis added) explains as follows:

> Specifically, Rule B notes that process of attachment can reach all of "the Defendant's tangible or intangible personal property" and courts have construed this language expansively to recognize a variety of attachable interests -- including funds in a bank account, escrow in the court registry, debts owed to a defendant, and an arbitration award in Defendant's favor.

"The Rule's use of the possessive form - "defendant's" - makes ownership of the assets a criterion of their attachability. Rule B does not require that a defendant, in addition to ownership, have full control over its goods, chattels, credits or effects." *Starboard Venture Shipping v. Casinomar Transp.*, 1993 U.S. Dist. LEXIS 15891, *9 (S.D.N.Y. Nov. 9, 1993).

> Rule B(1) . . . provides that a maritime Plaintiff may 'attach the Defendant's tangible or intangible personal property.' It is difficult to imagine words more broadly inclusive than 'tangible or intangible.'" *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 276 (2d Cir. 2002) (citation omitted). Given the breadth of Rule B, it is recognized that the Rule permits a Plaintiff to attach, for example, "debts owed to the Defendant . . . even if they have not yet matured or have only partially matured," provided that "the Defendant's entitlement to the credit or interest in the debt [is] clear." Id. (*quoting* Robert M. Jarvis, An Introduction to Maritime Attachment Practice Under Rule B, 20 J. Mar. L. & Com. 521, 530 (Oct. 1989)). Accordingly, it has been held that where a transfer of funds between two third-

> parties is shown to have been made for the benefit of a Defendant subject to an order of attachment, the Defendant's "property interest in" the transfer may be "sufficient to render it attachable under Rule B." *Essar Int'l, Ltd. v. Martrade Gulf Logistics*, FZCO, No. 07 Civ. 3439 (WHP), 2007 U.S. Dist. LEXIS 61713, 2007 WL 2456629, at *2 (S.D.N.Y. Aug. 23, 2007).

*Novoship (UK) Ltd. v. Ruperti*, 567 F. Supp. 2d 501, 505 (S.D.N.Y. 2008).

Plaintiff has, in the Verified Complaint, set out enough facts to state a claim to relief that is plausible on its face and that the Garnishee holds property of Defendant within the meaning of Supplemental Rule B. The proposed Writ filed herewith names an entity that, on information and belief, does business with Dream Yacht. The proposed Order, submitted herewith, limits garnishments "to the amount sued for," as required by Supplemental Rule B.

Plaintiff's Verified Complaint sets out the factual "bases for its belief that [D]efendant[s'] property may be found within this District, as well as the garnishees it seeks authorization to serve." *Wight Shipping, Ltd. v. Societe Anonyme Marocaine de L'Industrie Du Raffinage S.A.*, 2008 U.S. Dist. LEXIS 106420, *7 (S.D.N.Y. Nov. 24, 2008) (considering pleading requirements for "property held by garnishee" under Rule B). "At the pleading stage, no obligation exists to prove anything, only to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Capitol Records, Inc. v. City Hall Records, Inc.*, 2008

6

U.S. Dist. LEXIS 55300, *21–22 (S.D.N.Y. July 18, 2008) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007)). Plaintiff's allegations

> demonstrate a "plausible" entitlement to a maritime attachment" because they "at least show that it is plausible to believe that Defendant's property will be "in the hands of" garnishees in [this District] at the time the requested writ of attachment is served or during the time that service is effected.

*Peninsula Petroleum Ltd. v. New Econ Line Pte Ltd.*, 2009 U.S. Dist. LEXIS 24470, *5 (S.D.N.Y. Mar. 17, 2009).

This Court therefore should enter the proposed Order, providing for the Clerk to issue the requested Writ, because Plaintiff's Verified Complaint alleges facts that make it plausible to believe that: "(1) it has a valid *prima facie* admiralty claim against the [D]efendants; (2) the Defendants cannot be found within the district; (3) the [D]efendants' property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006); *Peninsula Petroleum*, 2009 U.S. Dist. LEXIS 24470 at *2–3.

Plaintiff seeks attachment of Defendant's property, particularly account number XXXXXXXXX0399, and any other funds/property maintained by the Garnishee for the benefit of Dream Yacht.

WHEREFORE, for the reasons stated herein, Plaintiff respectfully requests that the Court grant the instant Motion and direct the Clerk to issue the Writ requested. Plaintiff herewith submits a draft order.

Dated: September 22, 2021.

                                      Respectfully submitted,

                                      By: /s/ J. Stephen Simms
                                      J. Stephen Simms
                                      Simms Showers LLP
                                      jssimms@simmsshowers.com
                                      Telephone: (443) 290-8704
                                      201 International Circle
                                      Baltimore, Maryland 21030

                                      *PRO HAC VICE* ATTORNEYS FOR
                                      PLAINTIFF (to be filed)

/s/ Mathew G. Nasrallah
Mathew G. Nasrallah
Georgia Bar No. 535200
Robertson, Bodoh & Nasrallah, LLP
990 Cobb Parkway North
Suite 205A
Marietta, GA 30062
770-424-1234 (telephone)
770-424-2345 (facsimile)
nasrallah@rbnlaw.com

LOCAL ATTORNEY FOR PLAINTIFF