UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

-----------------------------------------------------------x
David Pope,

    Plaintiff,

v.

Dream Yacht Americas, Inc.,

    Defendant,

Truist Bank Inc. successor to
Branch Banking and Trust ("BB&T")

    Garnishee.
-----------------------------------------------------------x

**Civil Action – In Admiralty**

**CASE NO: 21-cv-3907-MHC**

## EX PARTE MOTION FOR EXPEDITED REVIEW OF PENDING EX PARTE ADMIRALTY MOTIONS

Plaintiff David Pope ("Mr. Pope") moves this Court to expedite review of his pending ex parte Admiralty Motions pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rules").

In support of the pending applications and this motion, Mr. Pope filed this case on September 22, 2021, to obtain necessary Orders in accordance with the Supplemental Rules for this Court to issue a writ of maritime attachment and garnishment, and provide for service of that writ, pursuant to Supplemental Rule B.

As Mr. Pope's Verified Complaint details, defendant Dream Yacht Americas, Inc. ("Dream Yacht"), in Maryland, breached its boat charter contract with him.  Mr. Pope has filed this action for recovery, including for garnishment of Dream Yacht's bank account held by Garnishee Truist Bank (successor to BB&T), which has operations in this District.

## ARGUMENT

**I.      Expedited review is necessary and warranted in this action**

One of the primary reasons for the Supplemental Rules . . . is that '[a] ship can quietly slip its moorings and depart the jurisdiction. It can easily take with it such tangible property as may be within the jurisdiction. And credits can be quickly transferred elsewhere." *Schiffahartsgesellschaft Leonhardt & Co. v. A. Bottachi S.A. de Navegacion*, 773 F.2d 1528, 1537 (11th Cir. 1985) (where the Eleventh Circuit discussed the historic context and need for the Supplemental Admiralty Rules under a Rule B attachment application) (*citing Polar Shipping, Ltd. v. Oriental Shipping Corp*., 680 F.2d 627, 637 (9th Cir. 1982); *see also Zambrano v. Seguros*, 2017 U.S. Dist. LEXIS 9575 (S.D. Fla. Jan. 24, 2017) ("'Assets of its owner, including debts for freights . . . within the jurisdiction today, may be transferred elsewhere or paid off tomorrow.'").

Such urgency is even greater when the asset sought to be seized are U.S. dollars in a bank account.

Here, Mr. Pope has set forth a *prima facie* claim against Dream Yacht and grounds for this Court to order issue of the Rule B maritime attachment and garnishment writ which Mr. Pope has requested. Rule B also provides for this Court to provide for private process service of the writ, and Mr. Pope has moved on an *ex parte* basis as well for that appointment.

## II.   *Ex parte* relief is permitted under the Supplemental Rules

The Supplemental Rules and the case law interpreting same specifically contemplate and provide for the issuance of a Writ of Maritime Attachment and Garnishment and sought here on an *ex parte* basis and without notice.[1] "[T]he need to attach now and notify later is as great now as it ever was, if not greater." *Schiffahartsgesellschaft*, 773 F.2d at 1537, citing Polar Shipping, 680 F.2d at 637. The Supreme Court has noted that "due process does not require preattachment notice where 'the attachment [is] necessary to secure jurisdiction." *Schiffahartsgesellschaft*, 773 F.2d at 1537, *citing Fuentes v. Shevin*, 407 U.S. 67, 91 n. 23, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972). "In Fuentes, the Court was clearly concerned that upon learning of the pending proceedings the defendant

---

[1]   *See also*, LR 7.2(B) – Emergency Motions: Upon written motion and for good cause shown, the court may waive the time requirements of this rule and grant an immediate hearing on any matter requiring such expedited procedure. The motion shall set forth in detail the necessity for such expedited procedure.

- 3 -

might remove his property from the jurisdiction of the court. This possibility is ever-present in admiralty." *Schiffahartsgesellschaft*, 773 F.2d at 1537. Plaintiff therefore respectfully requests that the Court review the pending *ex parte* motions on an expedited basis and issue the Order Authorizing Writ of Maritime Attachment and Garnishment and and Order Authorizing Special Process Sever.

WHEREFORE, Plaintiff Mr. Pope requests that this Honorable Court enter on an expedited basis the moved-for orders providing for the issue of a maritime garnishment and attachment writ and order for special process server.

### LR 7.1D, NDGa. Certification

Undersigned counsel certifies, pursuant to LR 7.1D, NDGa., that the foregoing has been prepared using Times New Roman, 14 point font, with footnotes in Book Antigua, 13 point font, in accordance with LR 5.1C(3). Dated: September 22, 2021.

        Respectfully submitted,

        By: /s/ J. Stephen Simms
        J. Stephen Simms
        Simms Showers LLP
        jssimms@simmsshowers.com
        Telephone: (443) 290-8704
        201 International Circle
        Baltimore, Maryland 21030

        *PRO HAC VICE* ATTORNEYS FOR
        PLAINTIFF (to be filed)

/s/ Mathew G. Nasrallah
Mathew G. Nasrallah

Georgia Bar No. 535200
Robertson, Bodoh & Nasrallah, LLP
990 Cobb Parkway North
Suite 205A
Marietta, GA 30062
770-424-1234 (telephone)
770-424-2345 (facsimile)
nasrallah@rbnlaw.com

LOCAL ATTORNEY FOR PLAINTIFF