IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID POPE,<br><br>    Plaintiff,<br><br>v.<br><br>DREAM YACHT AMERICAS, INC.,<br><br>    Defendant,<br><br>TRUIST BANK INC., successor to Branch Banking & Trust (BB&T),<br><br>    Garnishee. | CIVIL ACTION FILE<br><br>NO. 1:21-CV-3907-MHC |

## ORDER

This case comes before the Court on Plaintiff David Pope ("Pope")'s Motion for Order for Issuance of Process of Maritime Attachment and Garnishment ("Pl.'s Attachment Mot.") [Doc. 5]. The motions pending before the Court relate to a provision of admiralty procedure which authorizes the attachment of a defendant's property if that defendant is not found within a district. See FED. R. CIV. P. ADMIRALTY SUPP. RULE B ("Rule B"). For the reasons below, Plaintiff's Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff brings an action against Dream Yacht Americas, Inc. ("Dream Yacht") and Truist Bank Inc., successor to Branch Banking and Trust ("Garnishee"), alleging breach of a maritime contract ("Count I") and maritime attachment and garnishment ("Count II"). Compl. [Doc. 1]. Dream Yacht—a Maryland corporation located in Annapolis, Maryland—charters boats for family vacations. Id. ¶ 6. On May 5, 2021, Pope entered into a maritime contract which contemplated the chartering of a yacht owned by Dream Yacht in June of 2021. Id. ¶ 7. Plaintiff alleges that the boat provided by Dream Yacht pursuant to the maritime contract with Pope failed to adequately comply with contract terms and conditions. Id. ¶¶ 8-13. Specifically, the yacht was not "in good working order," as promised by Dream Yacht. Id. Among other things, the air conditioner on board the yacht did not function properly. Id. The Complaint alleges damages in the amount of $41,200.00, which amount includes the cost of the charter and lost opportunities for the planned vacation including additional charges for the contracted driving excursion, restaurant meals, airfare, and lodging. Id. ¶ 27, Prayer for Relief.

Pope further alleges that Dream Yacht "cannot be found within this District within the meaning of Rule B" and that Defendant "is believed to have, or will

2

have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in the District." Id. ¶ 34. It is Pope's contention that Defendant has garnishments within the Northern District which are held by Garnishee. Ex Parte Motion for Expedited Review of Pending Ex Parte Admiralty Motions [Doc. No. 7]. Pope's attorney, J. Stephen Simms, certifies that a search was made of electronic records and Directory Assistance for numbers of Defendant in the district, yet no record of any general or resident agent authorized to accept services of process was found. Compl. at 12.

## II. DISCUSSION

Pope's Complaint asserts that "admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h) in that it involves breach of a maritime contract, namely, breach by defendant of a charter party for a boat, as detailed herein." Compl. ¶ 1. Pope alleges that Garnishee has custody or possession over Defendant's property. Id. ¶ 7. Specifically, Pope claims that Garnishee is holding funds or other assets for Dream Yacht within this district. Id. For admiralty claims against a defendant that cannot be found within a district, "a verified complaint may contain a prayer for process to attach the defendant's tangible and intangible personal property – up to the amount sued

3

for – in the hands of garnishees named in the process." Rule B(1). Pope has invoked Rule B and filed a motion for prejudgment attachment of Defendant's property.

"An attachment under Supplemental Admiralty Rule B is a *quasi in rem* proceeding which permits the assertion of jurisdiction over a defendant's property located within the district even though the court has no *in personam* jurisdiction over the defendant." <u>Dannebrog Rederi AS v. M/Y True Dream</u>, 146 F. Supp. 2d 1307, 1311 (S.D. Fla. 2001). A plaintiff must meet four prerequisites to secure a writ of attachment: "(1) the plaintiff has an *in personam* claim against the defendant; (2) the defendant cannot be found within the district where the action is commenced; (3) property belonging to the defendant is present, or soon will be present, within the district; and (4) there is no statutory or general maritime law proscription to the attachment." <u>Id.</u> Typically, a court issues a writ of attachment upon a plaintiff's presentation of a *prima facie* maritime claim that satisfies Rule B. <u>See</u> Rule B, advisory committee's note to the 1985 Amendment.

Based on the well-pleaded allegations in the Verified Complaint, Pope sets forth a prima facie maritime claim that meets the Rule B prerequisites to attachment. Pope's position is supported by established admiralty procedure and the policy behind Rule B attachment. <u>See</u> <u>Schiffahartsgesellschaft Leonhardt &</u>

Co. v. A. Bottacchi S.A. De Navegacion, 773 F.2d 1528, 1535 (11th Cir. 1985) ("Maritime attachment is designed to assure a defendant's appearance and to secure satisfaction if the suit is successful."). The Court is persuaded that a writ of attachment is appropriate in this case.

The Court further notes that Rule E of the Supplemental Admiralty and Maritime Claims applies, stating that "[w]henever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." FED. R. CIV. P. ADMIRALTY SUPP. RULE E(4)(f).

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Motion for Issuance of Process of Maritime Attachment and Garnishment [Doc. 5] is **GRANTED**. In no event shall Pope seek to recover funds in excess of the amount sought in his Complaint, $41,200.00.

It is further **ORDERED** that any person claiming an interest in the property attached or garnished pursuant to this Order shall upon application to the Court, pursuant to Rule E(4)(f) of the Supplemental Admiralty and Maritime Claims, be entitled to a prompt hearing at which Pope shall be required to show why the

attachment and garnishment should not be vacated, or other relief granted.

It is further **ORDERED** that Plaintiff's Motion to Expedited Review of Pending Ex Parte Admiralty Motions [Doc. 7] is **GRANTED**.

It is further **ORDERED** that a copy of this Order be attached to and served with the any process of maritime attachment and garnishment.

**IT IS SO ORDERED** this 28th day of September, 2021.

_____
MARK H. COHEN
United States District Judge